[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14873
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00144-WSD-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS PINEDA-LARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 27, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Carlos Pineda-Lara appeals his 33-month sentence, imposed after he pled guilty to a single count of illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Pineda-Lara argues that his sentence is substantively unreasonable.  We disagree and hold that the district court did not abuse its discretion in imposing a middle-of-the-guidelines sentence in this case.

We review the reasonableness of a sentence under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

On appeal, Pineda-Lara asserts that the guideline for illegal re-entry is not based on empirical data and is thus due less deference.  He also argues that a 24-month sentence would have been reasonable because his prior United States convictions were temporally remote, and the § 3553(a) factors weigh in favor of a lower sentence.

Having considered these arguments, we nevertheless find that Pineda-Lara has failed to demonstrate that his sentence is substantively unreasonable.  As an initial matter, even assuming that the guideline for illegal re-entry is not based on empirical data, that fact would not invalidate the guideline or require the district court to vary downward.  *See United States v. Snipes*, 611 F.3d 855, 870 (11th Cir.

2010) ("[T]he absence of empirical evidence is not an independent ground that compels the invalidation of a guideline.").  Moreover, Pineda-Lara's repeated re-entry into the United States and his prior convictions for drug offenses and inflicting injury upon a child suggest that a sentence within the guideline range was required to deter Pineda-Lara from further criminal activity, to promote respect for the law, and to protect the public.  *See* 18 U.S.C. § 3553(a)(2); *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam) (noting that the weight given to any § 3553(a) factor is in "the sound discretion of the district court" (internal quotation mark omitted)).

Furthermore, Pineda-Lara's 33-month sentence fell significantly below the 240-month statutory maximum sentence, which indicates its reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). Finally, his sentence was imposed in the middle of the advisory guidelines range, and we accord an expectation of reasonableness to such a sentence.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  In the absence of any convincing argument to the contrary, these indicia of reasonableness provide strong support to the district court's sentencing decision.

Therefore, upon review of the record and consideration of the parties' briefs, we affirm the district court.

**AFFIRMED.**